RECEIPT #
AMOUNT
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4,
    Plaintiffs

vs.

P.A. FIORE COMPANY, INC.,
    Defendant

and

BEVERLY NATIONAL BANK,
    Trustee

C.A. No.

04cv12335 MLW

MAGISTRATE JUDGE Boyle

# COMPLAINT

## NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by employee benefit plans and a labor union to enforce the obligations to make contributions and pay interest due to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

4.      Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

5.      Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Annuity Fund. The International Union of Operating Engineers Local 4 Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

6.      Plaintiffs Louis G. Rasetta and Christopher Barletta are Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. The Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund is an "employee welfare benefit plan"

within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7.  The Health and Welfare, Pension, Annuity, Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

8.  Defendant P.A. Fiore Company, Inc. (hereinafter "Fiore" or "the Employer") is a Massachusetts corporation with a principal place of business at 183 Hart Street, Beverly, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

9.  On information and belief, Beverly National Bank is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

10. On or about June 1, 2001, defendant Fiore agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of a collective bargaining agreement requiring contributions to Plaintiff Funds; and to any successor agreements. A copy of Fiore's signed agreement ("short form agreement") is attached hereto as Exhibit A.

11. Because of the short form agreement, Fiore is party to a collective bargaining agreement with the International Union of Operating Engineers Local 4, that is effective from June, 1999 through May, 2005 ("the Agreement"). A copy of the relevant portions of this Agreement is attached hereto as Exhibit B.

12. The Agreement obligates Fiore to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedules of Wages.

13. Pursuant to the Agreement, Fiore is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

14. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-13 supra.

15. On or about June 9, 2004, the Funds audited Fiore's records and determined that Fiore owed $27,548.99 in unpaid contributions, plus interest for the period November, 2003 through May, 2004.

16. Fiore was notified of the audit results and subsequently paid the contributions and interest owed for November, 2003. These payments reduced its contribution audit balance to $22,828.91 in delinquent fringe benefit contributions plus $1,699.69 in interest, for a total contribution and interest liability through May, 2004 of $24,528.60.

17. When Fiore made no additional payments, a demand for payment was sent by the Funds' counsel, dated September 21, 2004. Fiore has made no response to this payment demand.

18. To date, Fiore has failed to pay the Funds both the $24,528.60 in contributions and interest due for the period December, 2003 through May, 2004 and may be liable for additional obligations incurred thereafter.

19. The failure of Fiore to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145.

20. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, as determined at the audit and refuse to submit Remittance Reports and pay contributions now due and owing, and the Funds and their participants will be irreparably damaged.

21. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF LMRA - DELINQUENT CONTRIBUTIONS, INTEREST AND DUES

22. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-21 supra.

23. At the June, 2004 audit, the Funds' auditor determined that Fiore had deducted dues from its employees' paychecks during the audited period, which it failed to remit. Taking into account the payment it made for November, 2003, Fiore still owes the Union $939.78 in dues for the period December, 2003 through May, 2004 and may owe additional dues for the period June, 2004 to the present.

24. The failure of Fiore to remit the dues it had deducted, to make contributions on behalf of all covered employees and to pay interest as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Fiore held by Beverly National Bank;

b. Order the attachment of the machinery, inventory and accounts receivable of defendant Fiore;

c.  Enter a preliminary and permanent injunction enjoining Fiore from refusing or failing to make contributions and pay interest to Plaintiff Funds;

d.  Enter a preliminary and permanent injunction enjoining Fiore from refusing or failing to remit dues to Plaintiff Union;

e.  Enter judgment in favor of the Plaintiff Funds and Union in the amount of $25,468.38 plus any additional amounts determined by the Court to be owed by Fiore or which may become due during the pendency of this action, together with interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

f.  Such further and other relief as this Court deem appropriate.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208

Dated: November 1, 2004

ARS/ars&ts
3118 04-402/complt.doc