UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, Plaintiffs<br><br>vs.<br><br>P.A. FIORE COMPANY, INC., Defendant<br><br>and<br><br>BEVERLY NATIONAL BANK, Trustee | C.A. No. 04-12335 MLW |

**MEMORANDUM IN SUPPORT OF EX PARTE
MOTION FOR ATTACHMENT BY TRUSTEE PROCESS**

This is an action to enforce the terms of a collective bargaining agreement and the terms of employee benefit plans.

Pursuant to Rule 64, Fed.R.Civ.P., M.G.L. c. 246, and Rule 4.2(g) Mass.R.Civ.P., plaintiffs Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, et al, are entitled to an *ex parte* prejudgment attachment if they can demonstrate that they are likely to recover judgment in an amount equal to or greater than the amount of the attachment requested and if the defendant is likely to dissipate or transfer the assets. For the reasons stated below, plaintiffs have satisfied

the requirements for an Ex Parte Order of Attachment by Trustee Process of the bank accounts of P.A. Fiore Company, Inc. ("Fiore") currently held by Beverly National Bank.

I. **THERE IS A REASONABLE LIKELIHOOD PLAINTIFFS WILL RECOVER JUDGMENT.**

On or about June 1, 2001, defendant Fiore agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of a collective bargaining agreement requiring contributions to Plaintiff Funds; and to any successor agreements. See Affidavit of James Bucci ("Bucci Aff."), par. 2. A copy of Fiore's signed agreement ("short form agreement") is attached to the Complaint as Exhibit A. Because of the short form agreement, Fiore is party to a collective bargaining agreement with the International Union of Operating Engineers Local 4 that is effective from June, 1999 through May, 2005 ("the Agreement"). Bucci Aff., par. 3. A copy of the relevant portions of this Agreement is attached to the Complaint as Exhibit B. The Agreement obligates Fiore to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedules of Wages. Bucci Aff., par. 4. Pursuant to the Agreement, Fiore is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues. Bucci Aff., par. 5.

On or about June 9, 2004, the Funds audited Fiore's records and determined that Fiore owed $27,548.99 in unpaid contributions, plus interest for the period November, 2003 through May, 2004. Bucci Aff., par. 6. Although Fiore subsequently worked to pay this amount in full, it concurrently amassed a new, larger delinquency for the period June 1, 2004 through January 13, 2005. Bucci Aff., par. 7. On the Funds' first attempt to conduct a follow-up audit Fiore's payroll records, on or about December 30, 2004, nobody was present at the company's usual place of

2

business when the Funds' auditor arrived. On the Funds' second attempt, on or about January 19, 2005, they successfully conducted a follow-up audit which demonstrated that Fiore owes $41,461.95 in fringe benefit contributions for the period June 1, 2004 through January 13, 2005, with an as yet unliquidated amount due for work conducted thereafter. Fiore also deducted dues from its employees' paychecks during the period June 1, 2004 through January 13, 2005 and failed to remit them to the Union. Bucci Aff., par. 8. As a result, Fiore owes the Union $1,644.76 in dues for this period. Id. Additionally, under the Agreement, Fiore is obligated to make contributions to the Social Action Committee ("SAC") Fund. Bucci Aff., par. 9. Fiore owes the Funds $137.20 in contributions to the SAC Fund for the period June 1, 2004 through January 13, 2005. Id. During the same period of time, Fiore deducted $1,424.00 from the pay of its employees but did not forward this amount to the 401(k) Fund. Bucci Aff., par. 10. When employees of Fiore defer a portion of their pre-tax wages into the Annuity & Savings 401(k) Fund, pursuant to Part Two - Article XI, Section 1 of the Agreement, those deferred wages became plan assets within the meaning of 29 CFR 2510.3-1.02. Fiore was notified of this new delinquency via a letter from Funds' counsel sent by certified mail on February 10, 2005. Bucci Aff., par. 11. To date, Fiore has failed to pay the contributions and dues owed for the period June 1, 2004 through January 13, 2005. Bucci Aff., par. 12.

    Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132, provides that in any action brought to enforce §1145 of ERISA, the Court shall award the Plan the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the Plan, reasonable attorneys' fees and costs, and such other legal or equitable action as the Court deems appropriate. If the $41,461.95 in unpaid fringe benefit contributions owed by Fiore had been

paid by the end of April, 2005, the company would owe the Funds $2,790.47 in interest thereon. Bucci Aff., par. 13. Liquidated damages of at least $2,790.47 are also due under the terms of the collective bargaining agreement. Finally, Fiore owes at least $1,322.25 in attorney's fees and $312.85 in costs. See Affidavit of Anne R. Sills.

Thus, in total, the evidence is sufficient to find that Fiore is liable for $41,461.95 in unpaid contributions, $2,790.47 in interest on unpaid contributions, $2,790.47 in liquidated damages, and $1,635.10 in attorneys' fees and costs. Further, Fiore is liable for $1,644.76 in unpaid dues, $137.20 in unpaid SAC Fund contributions, and $1,424.00 in 401(k) contributions. This total unpaid liability is at least $51,883.95, the amount of the trustee process.

There is a reasonable likelihood that plaintiffs will prevail in this action.

### II. THERE IS A CLEAR DANGER THAT IF NOTIFIED IN ADVANCE OF THE ATTACHMENT, DEFENDANT WILL TRANSFER THE ASSETS.

Despite its knowledge of the results of the audit and a demand for payment by Funds' counsel, Fiore has failed and refused to pay the Funds the remaining unpaid benefit fund contributions. Further, Fiore has not disputed the results of the audit and the amount claimed by the Funds, and has not answered or otherwise responded to the Complaint filed by the Funds, which was served upon Fiore on January 11, 2005. This conduct is indicative of a debtor who is deliberately avoiding its financial obligations. Thus, there is a clear danger that defendant will withdraw, conceal and/or dissipate its bank account assets if notified of this motion.

### III. PLAINTIFFS NEED NOT POST A BOND UNDER M.G.L. c. 246, §1.

No bond need be filed in an action for trustee process where the Complaint states that the action is inter alia for money due under a contract in writing. M.G.L. c. 246, §1. The unpaid contributions, interest, damages, attorneys' fees and costs sought in this action are all due under

4

the terms of defendant's collective bargaining agreement with the Union. Complaint, Exhibit A; Certificate re Trustee Process. As the Complaint seeks money due under the terms of a contract in writing, no bond is required.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs request that this Court allow their Ex Parte Motion for Attachment by Trustee Process.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208

Dated: May 9, 2005

GAG/gag&ts
ARS 3118 04-402/memexpmot.doc