UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY FUNDS,
and LOUIS G. RASETTA and CHRISTOPHER
BARLETTA, as they are TRUSTEES, HOISTING AND
PORTABLE ENGINEERS LOCAL 4 APPRENTICE
AND TRAINING FUNDS and INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL 4,
          Plaintiffs

vs.

P.A. FIORE CONSTRUCTION, INC. and PAUL
FIORE, INDIVIDUALLY,
          Defendants

and

MASSACHUSETTS ELECTRIC COMPANY and
COUNTY HOMES, INC.,
          Reach-and-Apply Defendants

and

BEVERLY NATIONAL BANK,
          Trustee

C.A. No. 04-12335 MLW

## AMENDED COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by employee benefit

plans and a labor union to enforce the obligations to make contributions and pay interest due to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.  The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.  Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

4.  Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

5.  Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Annuity Fund. The International Union of Operating Engineers Local 4 Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

6. Plaintiffs Louis G. Rasetta and Christopher Barletta are Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. The Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. The Health and Welfare, Pension, Annuity, Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

8. The International Union of Operating Engineers Local 4 (hereinafter "the Union") is a labor organization within the meaning of §301 of the LMRA, 29 U.S.C. §185. The Union is administered at 53 Trotter Drive, Medway, Massachusetts, within this judicial district.

9. Defendant P.A. Fiore Construction, Inc. (hereinafter "Fiore" or "the Employer") is a Massachusetts corporation with a principal place of business at 183 Hart Street, Beverly, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10. Defendant Paul Fiore is an individual residing at 156 Hart Street, Beverly, Massachusetts. Upon information and belief, Paul Fiore is the owner of Fiore and exercises control and discretion over the payroll of Fiore including any and all decisions regarding the collection and disbursement of any payroll deductions authorized by the employees of Fiore. As such, Paul Fiore is a fiduciary to the International Union of Operating Engineers Local 4 Annuity and Annuity & Savings 401(k) Fund as defined by § 3(21) of ERISA, 29 U.S.C. §1002(21).

11. Reach-and-Apply Defendant Massachusetts Electric Company (hereinafter "Mass Electric") is a Massachusetts corporation with a principal place of business at 55 Bearfoot Road,

Northborough, Massachusetts. Upon information and belief, Fiore worked for Mass Electric on numerous projects between the months of January and May, 2005. The Funds have a legal or equitable interest in any payments due Fiore from Mass Electric for work conducted on these or any other projects.

12.     Reach-and-Apply Defendant County Homes, Inc. (hereinafter "County Homes") is a Massachusetts corporation with a principal place of business at 114 Hart Street, Beverly, Massachusetts. Upon information and belief, Fiore worked for County Homes on numerous projects between the months of January and May, 2005. The Funds have a legal or equitable interest in any payments due Fiore from County Homes for work conducted on these or any other projects.

13.     On information and belief, Beverly National Bank is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

14.     On or about June 1, 2001, defendant Fiore agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of a collective bargaining agreement requiring contributions to Plaintiff Funds; and to any successor agreements. A copy of Fiore's signed agreement ("short form agreement") is attached hereto as Exhibit A.

15.     Because of the short form agreement, Fiore is party to a collective bargaining agreement with the International Union of Operating Engineers Local 4, which is effective from June, 1999 through May, 2005 ("the Agreement"). A copy of the relevant portions of this Agreement is attached hereto as Exhibit B.

16. The Agreement obligates Fiore to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedules of Wages.

17. Pursuant to the Agreement, Fiore is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for Union dues.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

18. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-17 supra.

19. On or about January 19, 2005, Fiore was audited by a representative of the Funds, and the audit revealed that $41,461.95 in delinquent contributions were owed for the period May 26, 2004 through January 13, 2005. Fiore also deducted dues from its employees' paychecks in the amount of $1,644.76 during the period of the audit and failed to remit that amount to the Union. Additionally, under the Agreement, Fiore is obligated to make contributions to the Social Action Committee ("SAC") Fund. Fiore owes the Funds $137.20 in contributions to the SAC Fund for the period of the audit.

20. Fiore was notified of this new delinquency via a letter from Funds' counsel sent by certified mail on February 10, 2005.

21. On or about May 12, 2005, Fiore was audited again by a representative of the Funds, and the new audit revealed that $21,705.34 in delinquent contributions were owed for the period January 14, 2005 through May 10, 2005. Fiore also deducted dues from its employees' paychecks in the amount of $814.32 during the period of the new audit and failed to remit that

amount to the Union. Additionally, Fiore owes the Funds $68.00 in contributions to the SAC Fund for the period of the new audit.

22. To date, Fiore has failed to make any payments owed pursuant to the results of the January 19 and May 12, 2005 audits, which cover the period of May 26, 2004 through May 10, 2005. As such, Fiore has failed to pay a total of $65,831.57 in fringe benefit contributions, Union dues, and SAC contributions for the period May 26, 2004 through May 10, 2005, and Fiore may be liable for additional obligations incurred thereafter.

23. Additionally, pursuant to the terms of the Agreement, Fiore owes $3,588.11 in interest on the unpaid contributions through the end of March, 2005, and will be liable for additional interest incurred thereafter.

24. The failure of Fiore to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145.

25. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, as determined at the audit, and the Funds and their participants will be irreparably damaged.

26. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

WHEREFORE, in Count I Plaintiff Funds request this Court to grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Fiore held by Beverly National Bank;

b. Order the attachment of the machinery, inventory and accounts receivable of defendant Fiore;

    c.    Enter a preliminary and permanent injunction enjoining Fiore from refusing or failing to make contributions and pay interest to Plaintiff Funds;

    d.    Enter a preliminary and permanent injunction enjoining Fiore from refusing or failing to remit dues to Plaintiff Union;

    e.    Enter judgment in favor of the Plaintiff Funds and Union in the amount of $65,831.57 plus any additional amounts determined by the Court to be owed by Fiore or which may become due during the pendency of this action, together with interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

    f.    Such further and other relief as this Court deem appropriate.

## COUNT II - VIOLATIONS OF LMRA - CONTRIBUTIONS, DUES, AND SAC

27.    Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-26 supra.

28.    According to the audits, Fiore owes $63,167.29 in fringe benefit contributions for the period May 26, 2004 through May 10, 2005.

29.    According to the audits, Fiore deducted dues from its employees' paychecks during the period May 26, 2004 through May 10, 2005 and failed to remit them to the Union. As a result, it owes the Union $2,459.08 in dues for this period.

30.    Fiore is also obligated under its collective bargaining agreement to make contributions to the SAC Fund. According to its remittance reports, it owes the Funds $205.20 in contributions to the SAC Fund for the period May 26, 2004 through May 10, 2005.

31. The failure of Fiore to remit the dues it deducted from its employees' wages, to contribute to the SAC Fund, to make contributions on behalf of all covered employees and to pay interest as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

WHEREFORE, in Count II Plaintiff Funds request this Court to grant the following relief:

    a. Order the attachment by trustee process of the bank accounts of Fiore held by Beverly National Bank;

    b. Order the attachment of the machinery, inventory and accounts receivable of defendant Fiore;

    c. Enter a preliminary and permanent injunction enjoining Fiore from refusing or failing to make contributions and pay interest to Plaintiff Funds;

    d. Enter a preliminary and permanent injunction enjoining Fiore from refusing or failing to remit dues to Plaintiff Union;

    e. Enter judgment in favor of the Plaintiff Funds and Union in the amount of $65,831.57 plus any additional amounts determined by the Court to be owed by Fiore or which may become due during the pendency of this action, together with interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

    f. Such further and other relief as this Court deem appropriate.

## COUNT III – BREACH OF FIDUCIARY
## DUTY BY DEFENDANT PAUL FIORE, INDIVIDUALLY

32.  Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-31 supra.

33.  When employees of Fiore elected to defer a portion of their pre-tax wages into the Annuity & Savings 401(k) Fund, pursuant to Article XII, Section 2(a) of the Agreement, those deferred wages became plan assets within the meaning of 29 CFR 2510.3-102.

34.  By exercising discretion and control over these plan assets, Defendant Paul Fiore is a fiduciary within the meaning of §3(21) of ERISA, 29 U.S.C. §1002(21).

35.  Paul Fiore is obliged to discharge his duties as a fiduciary to the Annuity & Savings 401(k) Fund solely in the interests of the participants and beneficiaries of the Fund.

36.  By retaining plan assets, and upon information and belief, converting those plan assets to the use of himself and/or Fiore or others, Paul Fiore has breached his fiduciary duty to the Plaintiff Annuity & Savings 401(k) Fund in violation of Sections 404 and 409 of ERISA, 29 U.S.C. §§ 1104, 1109.

WHEREFORE, in Count III Plaintiff Funds request this Court to grant the following relief:

a.  Enter judgment in favor of the Plaintiff Funds in the amount of $2,084.00 for all deferred amounts deducted from the wages of the employees of Fiore which were authorized as elective deferrals into the 401(k) Plan for the months of May, 2004 through May, 2005, along with interest, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

b. Enter judgment in favor of the Plaintiff Funds for all losses to the Annuity & Savings 401(k) Fund resulting from Paul Fiore's breach of fiduciary duty, as provided by 29 U.S.C. §1109(a); and

c. Such further and other relief as this Court deem appropriate.

### COUNT IV - REACH-AND-APPLY AGAINST MASSACHUSETTS ELECTRIC COMPANY

37. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-36 supra.

38. Upon information and belief, Fiore worked for Mass Electric on numerous projects between January and May, 2005. The Funds have a legal or equitable interest in any payments due Fiore from Mass Electric for work conducted on these or any other projects.

39. Further, there is no known insurance available to satisfy the judgment the Funds will obtain against Fiore.

40. The funds held by Mass Electric cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

WHEREFORE, Plaintiffs request this Court to grant the following relief on Count IV:

a. Enter a temporary restraining order against Mass Electric and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with them and those persons acting at their command who receive actual notices of a temporary restraining order by personal service or otherwise, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to Fiore on account of sums that are due or will hereafter become due Fiore from Mass Electric;

b.    After notice and a hearing, enter an Order containing prayer 'a' or entering prayer 'a' as a preliminary injunction; and

c.    Such further and other relief as this Court deems appropriate.

## COUNT V - REACH-AND-APPLY AGAINST COUNTY HOMES, INC.

41.    Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-40 supra.

42.    Upon information and belief, Fiore worked for County Homes on numerous projects between January and May, 2005. The Funds have a legal or equitable interest in any payments due Fiore from County Homes for work conducted on these or any other projects.

43.    Further, there is no known insurance available to satisfy the judgment the Funds will obtain against Fiore.

44.    The funds held by County Homes cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

WHEREFORE, Plaintiffs request this Court to grant the following relief on Count V:

a.    Enter a temporary restraining order against County Homes and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with them and those persons acting at their command who receive actual notices of this temporary restraining order by personal service or otherwise, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to Fiore on account of sums that are due or will hereafter become due Fiore from County Homes;

    b.    After notice and a hearing, enter an Order containing prayer 'a' or entering prayer 'a' as a preliminary injunction; and

    c.    Such further and other relief as this Court deems appropriate.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated: June 6, 2005

GAG/gag&ts
ARS 3118 04-402/:omplt-amend.doc