UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, Plaintiffs<br><br>vs.<br><br>P.A. FIORE CONSTRUCTION, INC. and PAUL FIORE, INDIVIDUALLY, Defendants<br><br>and<br><br>MASSACHUSETTS ELECTRIC COMPANY and COUNTY HOMES, INC., Reach-and-Apply Defendants<br><br>and<br><br>BEVERLY NATIONAL BANK, Trustee | C.A. No. 04-12335 MLW |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER (WITH NOTICE)

I.   **INTRODUCTION**

This is an action brought for injunctive relief and to collect contributions due employee benefit funds under the terms of a collective bargaining agreement. Plaintiffs (hereinafter "the Funds") are employee benefit plans. Defendant P.A. Fiore Construction, Inc. (hereinafter "P.A. Fiore") is a Massachusetts corporation. Reach-and-Apply Defendants Massachusetts Electric

Case 1:04-cv-12335-MLW    Document 10    Filed 06/06/2005    Page 2 of 10

Company ("Mass Electric") and County Homes, Inc. ("County Homes") are Massachusetts corporations. The action has been brought pursuant to §§502(a)(3) and 515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132(a)(3) and 1145 (hereinafter "ERISA"). The Court has exclusive jurisdiction of this action pursuant to §§502(a)(3) and (f) of ERISA, 29 U.S.C. §§1132(a)(3) and (f), without respect to the amount in controversy or the citizenship of the parties.

At this juncture, Plaintiffs are before the Court on a Motion for Temporary Restraining Order. Plaintiffs seek a Temporary Restraining Order enjoining Reach-and-Apply Defendants Mass Electric and County Homes and their agents, servants, employees, attorneys, and those persons in active participation or concert with them and those persons acting at their command, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of or making any payment to Fiore on account of sums that are due or will hereafter become due Fiore from Mass Electric or County Homes until such time as this Court has had the opportunity to hear a Motion for Preliminary Injunction in this action.

II. **STATEMENT OF FACTS**

On or about June 1, 2001, defendant Fiore agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of a collective bargaining agreement requiring contributions to Plaintiff Funds; and to any successor agreements. See Affidavit of James Bucci ("Bucci Aff."), par. 2. A copy of Fiore's signed agreement ("short form agreement") is attached to the Amended Complaint as Exhibit A. Because of the short form agreement, Fiore is party to a collective bargaining agreement with the International Union of Operating Engineers Local 4, which is effective from June, 1999 through

2

May, 2005 ("the Agreement"). Bucci Aff., par. 3. A copy of the relevant portions of this Agreement is attached to the Amended Complaint as Exhibit B. The Agreement obligates Fiore to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedules of Wages. Bucci Aff., par. 4. Pursuant to the Agreement, Fiore is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for Union dues. Bucci Aff., par. 5.

On or about January 19, 2005, Fiore was audited by a representative of the Funds, and the audit revealed that $41,461.95 in delinquent contributions were owed for the period May 26, 2004 through January 13, 2005. Bucci Aff., par. 6. Fiore also deducted dues from its employees' paychecks in the amount of $1,644.76 during the period of the audit and failed to remit that amount to the Union. Id. Additionally, under the Agreement, Fiore is obligated to make contributions to the Social Action Committee ("SAC") Fund. Fiore owes the Funds $137.20 in contributions to the SAC Fund for the period of the audit. Id. Fiore was notified of this new delinquency via a letter from Funds' counsel sent by certified mail on February 10, 2005. Bucci Aff., par. 7.

On or about May 12, 2005, Fiore was audited again by a representative of the Funds, and the new audit revealed that $21,705.34 in delinquent contributions were owed for the period January 14, 2005 through May 10, 2005. Bucci Aff., par. 8. Fiore also deducted dues from its employees' paychecks in the amount of $814.32 during the period of the new audit and failed to remit that amount to the Union. Id. Additionally, Fiore owes the Funds $68.00 in contributions to the SAC Fund for the period of the new audit. Id. To date, Fiore has failed to make any payments owed pursuant to the results of the January 19 and May 12, 2005 audits, which cover the period of May 26, 2004 through May 10, 2005. Bucci Aff., par. 9. As such, Fiore has failed

to pay a total of $65,831.57 in fringe benefit contributions, Union dues, and SAC contributions for the period May 26, 2004 through May 10, 2005, and Fiore may be liable for additional obligations incurred thereafter. Additionally, pursuant to the terms of the Agreement, Fiore owes $3,588.11 in interest on the unpaid contributions through the end of March, 2005. Bucci Aff., par. 10.

Upon information and belief, Fiore has worked for Mass Electric and County Homes on numerous projects between January and May, 2005. The Funds' records regarding crew locations for its members indicate that work was conducted by Fiore for Mass Electric at addresses in the towns of Beverly, Lynn, Malden, Melrose, and Manchester, Massachusetts during the aforementioned period. Bucci Aff., par. 11. Further, these same records indicate that work was conducted by Fiore for County Homes at addresses in the towns of Beverly, Massachusetts during the aforementioned period. Id.

### III.   ARGUMENT

Injunctive relief is specifically authorized by §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). Laborers' Fringe Benefit Funds, Detroit and Vicinity v. Northwest Concrete & Construction, Inc., 640 F.2d 1350, 1352 (6th Cir. 1981) ("Northwest Concrete"). A motion for a temporary restraining order, like a motion for preliminary injunction, is addressed to the sound discretion of the court. LeBeau v. Spirito, 703 F.2d 639, 642 (1st Cir. 1983). The standard to be used by the district court in ruling on a motion for preliminary injunction or temporary restraining order is well established.

> In deciding whether to grant a preliminary injunction, a district court must weigh the following four factors: 1) the likelihood of the movant's success on the merits; 2) the potential for irreparable harm to the movant; 3) a balancing of the relevant equities, i.e. "the hardship to the nonmovant if the restrainer issues as contrasted with the hardship to the movant if interim relief is withheld", Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir.

4

Section 1145 of ERISA provides as follows: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. §1145. In this case, Fiore is party to a collective bargaining agreement which obligates it to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedules of Wages. Bucci Aff., par. 4. Pursuant to the Agreement, Fiore is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for Union dues. Bucci Aff., par. 5.

On or about January 19, 2005, Fiore was audited by a representative of the Funds, and the audit revealed that $41,461.95 in delinquent contributions were owed for the period May 26, 2004 through January 13, 2005. Bucci Aff., par. 6. Fiore also deducted dues from its employees' paychecks in the amount of $1,644.76 during the period of the audit and failed to remit that amount to the Union. Id. Additionally, under the Agreement, Fiore is obligated to make contributions to the SAC Fund. Fiore owes the Funds $137.20 in contributions to the SAC Fund for the period of the audit. Id.

On or about May 12, 2005, Fiore was audited again by a representative of the Funds, and the new audit revealed that $21,705.34 in delinquent contributions were owed for the period January 14, 2005 through May 10, 2005. Bucci Aff., par. 8. Fiore also deducted dues from its employees' paychecks in the amount of $814.32 during the period of the new audit and failed to remit that amount to the Union. Id. Additionally, Fiore owes the Funds $68.00 in contributions to the SAC Fund for the period of the new audit. Id. To date, Fiore has failed to make any payments owed pursuant to the results of the January 19 and May 12, 2005 audits, which cover

1991); and 4) the effect on the public interest of a grant or denial of the injunction.

Gately v. Comm. of Mass., 2 F.3d 1221, 1224 (1st Cir. 1993), cert. denied, 114 S.Ct. 1832 (1994) ("Gately"); Caroline T. v. Hudson School Dist., 915 F.2d 752, 754-755 (1st Cir. 1990); Agency Rent-A-Car, Inc. v. Connolly, 686 F.2d 1029, 1034 (1st Cir. 1982). Examination of each of these factors establishes that Plaintiffs are entitled to the relief requested.

### 1) **Likelihood of Success**

"[T]he sine qua non of [the preliminary injunction or temporary restraining order standard] is whether the plaintiffs are likely to succeed on the merits." Gately, supra, 2 F.3d at 1225, citing Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). The exhibits and affidavits on file establish that Plaintiffs will prevail on the merits.

Massachusetts General Laws chapter 214, §3(6) is the Commonwealth's reach-and-apply statute. Under this statute, the Court must engage in a two-step process to establish (1) the indebtedness of the defendant and (2) that the defendant has property that can be reached by the plaintiffs in satisfaction of the defendant's debt. Hunter v. Youthstream Media Networks, Inc., 241 F.Supp.2d 52, 57 (D.Mass. 2002). This two-step process is further explained as follows:

> The first step is in the nature of an action at law and requires the plaintiff to establish the debt owed by the principal defendant to the plaintiff. Massachusetts Electric Company v. Athol One, Inc., 391 Mass. 685 (Mass. 1984) ("in the first step," the plaintiff must show the existence of a debt owed to the plaintiff by "the principal defendant") . . . "The second step involves the process of satisfying the debt," . . . "out of the property held by one who owes a debt to the principal defendant." Massachusetts Electric Company v. Athol One, Inc., 391 Mass. at 687 . . . Under chapter 214, the plaintiff "must show that the property, by its nature, is incapable of attachment or of taking on execution in a legal action." Massachusetts Electric Company v. Athol One, Inc., 391 Mass. at 687 . . .

Trustees v. Baldwin Steel Co., Inc., 2001 WL 1555539, *3-*5 (D.Mass. 2001).

5

the period of May 26, 2004 through May 10, 2005. Bucci Aff., par. 9. As such, Fiore has failed to pay a total of $65,831.57 in fringe benefit contributions, Union dues, and SAC contributions for the period May 26, 2004 through May 10, 2005, and Fiore may be liable for additional obligations incurred thereafter. Additionally, pursuant to the terms of the Agreement, Fiore owes $3,588.11 in interest on the unpaid contributions through the end of March, 2005. Bucci Aff., par. 10. Thus, the existence of a debt owed Plaintiffs by Fiore has been clearly established.

The Funds are entitled to enforce the terms of the collective bargaining agreements between Fiore and the International Union of Operating Engineers Local 4 as third party beneficiaries to such agreements, as well as the Declarations of Trust to which Fiore is bound through those collective bargaining agreements, under Section 301(a) of the Labor Management Relations Act, 29 U.S.C. §185(a), and Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §1132(a)(3), and § 1145. Schneider Moving and Storage Co. v. Robbins, 466 U.S. 364 (1984) (permitting multiemployer trust funds' judicial enforcement of contribution provisions in trust agreements against participating employers under Section 301(a) of the LMRA and Section 502 of ERISA); Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 575 (1985) (noting that in Schneider it had rejected "[t]he notion that federal policy favors union enforcement of an employer's collectively bargained obligations to an employee benefit plan, to the exclusion of enforcement of the plan's trustees").

Further, the Plaintiffs wish to satisfy Fiore's debt, in part, out of payments owed Fiore by Mass Electric and County Homes. Upon information and belief, Fiore has worked for Mass Electric and County Homes on numerous projects between January and May, 2005. The Funds' records regarding crew locations for its members indicate that work was conducted by Fiore for Mass Electric at addresses in the towns of Beverly, Lynn, Malden, Melrose, and Manchester,

Massachusetts during the aforementioned period. Bucci Aff., par. 11. Further, these same records indicate that work was conducted by Fiore for County Homes at addresses in the towns of Beverly, Massachusetts during the aforementioned period. Id. The Plaintiffs have a legal or equitable interest in any payments due Fiore from Mass Electric or County Homes for any of these projects, or for any previous or subsequent projects. Payments held by Mass Electric or County Homes cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

As such, Plaintiffs submit that they will prevail on the merits of their claim.

2) **Irreparable Harm**

If the reach-and-apply defendants and their agents, servants, employees, attorneys, and those persons in active participation or concert with them were to secret, conceal, destroy, damage, sell, transfer, pledge, encumber, assign, or in any way or manner dispose of or reduce the value of or make any payment to Fiore on account of sums that are due or will hereafter become due Fiore from Mass Electric or County Homes, it would render the Funds unable to fully satisfy their fiduciary and statutory obligations to the Funds' beneficiaries and participants. "ERISA clearly assumes that trustees will act to ensure that a plan receives all funds to which it is entitled . . . ." Central States Pension Fund, 472 U.S. at 571. The Funds are entitled to contributions for all work performed by Fiore's employees. Bucci Aff., par. 4.

3) **Balancing of Harms**

"The heart of the matter is whether 'the harm caused plaintiff without the injunction, in light of the plaintiff's likelihood of eventual success on the merits, outweighs the harm the injunction will cause defendants.'" Gately, supra, 2 F.3d at 1225, quoting Vargas-Figueroa v. Saldana, 826 F.2d 160, 162 (1st Cir. 1987) (emphasis in original).

No harm can come to the reach-and-apply defendants by being enjoined from disbursing payments that it already owes the defendant for work done by the defendant on its projects. The demonstrated harm to plaintiffs far outweighs any harm to the reach-and-apply defendants.

4)      **Public Interest**

Congress declared it to be the policy of ERISA to "protect . . . the interest of participants in employee benefit plans and their beneficiaries . . . by providing for appropriate remedies, sanctions, and ready access to Federal courts." 29 U.S.C. §1001(b). The House Report on the Act's enforcement provisions states that they are

> designed specifically to provide both the Secretary and participants
> and beneficiaries with broad remedies for redressing or preventing
> violations of the Act. The intent of the committee is to provide the
> full range of legal and equitable remedies available in both state
> and federal courts and to remove jurisdictional and procedural
> obstacles which in the past appear to have hampered effective
> enforcement of fiduciary responsibilities . . .

H.R. Rep. No. 93-533, 93d Cong., 2d Sess. 17, reprinted in [1974] U.S. Code Cong. & Ad. News, p. 4639, 4655.

The federal courts have interpreted this legislative history as "unambiguous evidence" that Section 502's enforcement provisions are intended to "have teeth" and to be "liberally construed." Northwest Concrete, supra, at 1352. "Given the array of remedies that ERISA provides for redressing and preventing violations of the statute, it is not surprising that federal courts have frequently resorted to injunctive relief when it has been perceived as necessary to fully protect the statutory and contractual rights of Fund participants and beneficiaries." Metropolitan D.C. Paving Industry Employees Health and Welfare Trust Fund v. Jones & Artis Construction Co., 2 EBC 2227, 2223 (D. D.C., 1991).

"Congress made it abundantly clear that an employer would not be permitted to circumvent or ignore its funds, payment and other obligations under ERISA." A & G, citing Northwest Concrete, supra, at 1352. The public interest in preserving the integrity of employee pension, health, and welfare plans would be furthered by issuance of the temporary restraining order.

IV.   **CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that their Motion for Temporary Restraining Order be granted.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J.
SHAUGHNESSY, as they are TRUSTEES,
INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 4
HEALTH AND WELFARE FUND, et al,

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA 02108
(617) 742-0208

Dated: June 6, 2005

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the above Memorandum in Support of Plaintiffs' Motion for Temporary Restraining Order (With Notice) has been served by first class mail upon the defendants, P.A. Fiore Construction, Inc. at 183 Hart Street, Beverly, MA 01915 and Paul Fiore at 156 Hart Street, Beverly, MA 01915 and upon the reach-and-apply defendants, Massachusetts Electric Company by their attorney, Scott J. Sciumeca at 25 Research Drive, Westborough, MA 01582 and County Homes, Inc. at 114 Hart Street, Beverly, MA 01915 by first class mail this 6th day of June, 2005.

Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 04-402/memo-tro.doc

10