UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

<u>LOUIS G. RASETTA</u> et al
        Plaintiff(s)                                CIVIL ACTION
                                                                       NO. 04-12335-MLW
        V.

<u>P.A. FIORE CONSTRUCTION, INC.</u> et al
        Defendant(s)

STANDING ORDER REGARDING
<u>MOTIONS FOR DEFAULT JUDGMENT</u>

<u>WOLF, D.J.</u>

      A Notice of Default has been issued to the above named defendant(s) upon request of the plaintiff(s) in the above entitled action.

      In anticipation of a Motion for Entry of Default Judgment being filed, counsel are advised of the following requirements for submission of such motion in order to ensure compliance with Rule 55 of the Federal Rules of Civil Procedure:

      l.      A party making a motion for default judgment shall comply with all the requirements of Fed. R. Civ. P. 55 particularly those related to filing of affidavits. The moving party shall also submit an appropriate form of default judgment in the fashion of the draft order attached hereto as Appendix A. Such compliance shall be completed no later than 14 days after the filing of the motion itself;

      2.      Within the 14-day period for compliance by the moving party, the party against whom default judgment is sought shall have an opportunity to file substantiated opposition to the default judgment motion and to request a hearing thereon;

      3.      The Court will take up the motion for default judgment on the papers at the conclusion of the 14 day period. Should the motion for default judgment at that time fail to

comply with Fed. R. Civ. P. 55, the motion will be denied with prejudice to any renewal of such motion within six months of the denial.  Any renewed motion for default judgment may not include a request for interest, costs or attorneys' fees in the matter nor will such relief be granted on any renewed motion for default;

4.	Necessary and appropriate action with respect to this Standing ORDER shall be taken by the moving party within 30 days of the date of the issuance of this ORDER.  If for any reason the moving party cannot take necessary and appropriate action, that party shall file an affidavit describing the status of this case and show good cause why necessary and appropriate action with respect to this Standing ORDER cannot be taken in a timely fashion and further why this case should remain on the docket.  Failure to comply with this paragraph will result in the entry of dismissal of the moving party's claims for want of prosecution.

By the Court,

/s/ Dennis O'Leary  
Deputy Clerk

Dated: August 18, 2005

(default-so.wpd - 12/98)                                                                                          [procodfltjgm.]

Appendix A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
         **Plaintiff(s)**

    **v.**                                              **CIVIL ACTION NO.**_____

_____
         **Defendant(s)**

### FORM OF
### DEFAULT JUDGMENT

_____, **D.J.**

**Defendant** _____ **having failed to plead or otherwise defend in this action and its default having been entered,**

Now, upon application of plaintiff and affidavits demonstrating that defendant owes **plaintiff the sum of $**_____ **that defendant is not an infant or incompetent person or in the military service of the United States, and that plaintiff has incurred costs in the sum of $**_____**.**

It is hereby ORDERED, ADJUDGED AND DECREED that plaintiff recover from defendant \_\_ _____ **the principal amount of $**_____**, with costs in the amount of  $**_____ **and prejudgment interest at the rate of** \_\_\_\_**% from** _____ \_\_\_\_**to** _____ **in the amount of $**_____ **for a total judgment of $**_____ _____ **with  interest as provided by law.**

                                            **By the Court,**

**Dated:**_____                     _____
                                            **Deputy Clerk**

**NOTE:  The post judgment interest rate effective this date is** \_\_\_\_**%.**

3