UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, Plaintiffs<br><br>vs.<br><br>P.A. FIORE CONSTRUCTION, INC. and PAUL FIORE, INDIVIDUALLY, Defendants<br><br>and<br><br>MASSACHUSETTS ELECTRIC COMPANY and COUNTY HOMES, INC., Reach-and-Apply Defendants<br><br>and<br><br>BEVERLY NATIONAL BANK, Trustee | C.A. No. 04-12335 MLW |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This is an action brought to collect contributions due employee benefit funds under the terms of a collective bargaining agreement. Plaintiffs (hereinafter "the Funds") are employee benefit plans. Defendant P.A. Fiore Construction, Inc. (hereinafter "P.A. Fiore") is a Massachusetts corporation that has defaulted. This action has been brought pursuant to

§502(a)(3) and §515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA").

The Court has exclusive jurisdiction of this action pursuant to §502(a), (3), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the citizenship of the parties.

The Clerk, on or about August 19, 2005, issued a Notice of Default. The Court then granted two subsequent Motions for Extension of Time to File for Entry of Default Judgment. At this juncture, Plaintiffs are before the Court on a Motion for Entry of Default Judgment. Plaintiffs now seek a judgment holding Defendant liable for $27,724.80, representing contributions owed to the Funds for the period from August through October, 2005, together with interest on the unpaid contributions, interest on late-paid contributions, liquidated damages, and reasonable attorneys' fees and costs.

## FACTS

On or about June 1, 2001, defendant P.A. Fiore agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of a collective bargaining agreement requiring contributions to Plaintiff Funds; and to any successor agreements. See Affidavit of James Bucci ("Bucci Aff."), par. 2. A copy of P.A. Fiore's signed agreement ("short form agreement") is attached to the Amended Complaint as Exhibit A. Because of the short form agreement, P.A. Fiore is party to a collective bargaining agreement with the International Union of Operating Engineers Local 4 ("the Agreement"). Bucci Aff., par. 3. A copy of the relevant portions of the 1999-2005 Agreement is attached to the Amended Complaint as Exhibit B. The Agreement obligates P.A. Fiore to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement,

in accordance with the rates set forth on the Schedules of Wages. Bucci Aff., par. 4. Pursuant to the Agreement, P.A. Fiore is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for Union dues. Bucci Aff., par. 5.

Two payroll audits conducted on or about January 19 and May 12, 2005 revealed that P.A. Fiore had accrued a delinquency of $65,831.57 in fringe benefit contributions, Union dues, and SAC contributions for the period May 26, 2004 through May 10, 2005. Bucci Aff., par. 6. After the audit result was determined and Massachusetts Electric Company ("Mass Electric") had been added as a reach-and-apply defendant, the parties executed a Settlement Agreement, a copy of which is attached hereto as Exhibit 1. Bucci Aff., par. 7. Mass Electric issued a joint check to the Funds in the amount of $35,392.60, and the remaining contributions for the period through May 10, 2005 were paid by P.A. Fiore in accordance with the terms of the Settlement Agreement. Bucci Aff., par. 8.

However, although Paragraph 3 of the Settlement Agreement mandates the payment by P.A. Fiore of all interest owed on the late-paid contributions by no later than November 25, 2005, the company continues to owe $2,343.37 of the total $4,343.37 in interest initially owed. Bucci Aff., par. 9. Further, P.A. Fiore has failed to abide by Paragraph 4 of the Settlement Agreement, which states, "P.A. Fiore will accrue no new contribution liability to the Funds going forward." The company has failed to pay contributions for the period August through October, 2005. Bucci Aff., par. 10. The company's remittance report for the month of August, 2005 demonstrates that it owes $5,602.46 for that month; however, P.A. Fiore has failed to submit remittance reports for the months of September and October, 2005. Bucci Aff., par. 11. As a result, the amounts owed for those two months have been estimated by the Funds based on the average contributions payment by P.A. Fiore over a set period. Bucci Aff., par. 12. The

Funds have the right, under their Delinquency Procedure, to estimate contributions owed for a given month when a company's remittance reports are not forthcoming for that month, as follows:

> **5a. Estimation of Contributions.** Where an Employer is delinquent in making contributions, has not provided the required documentation in regard to employees and the hours each worked, and has failed to submit to an audit, the Delinquency Committee may project the delinquency as being the greater of (a) the average of three monthly payments or reports last actually submitted or (b) the average of twelve monthly payments or reports last actually submitted, and that said projection may be used as a determination of payments due for each delinquent month, without limit upon the trustees in seeking a greater amount than such projection where shown by records or other evidence.

Utilizing this Procedure, the Funds estimated that $6,817.44 in contributions is owed for the month of September, 2005 and $5,395.20 in contributions is owed for the month of October, 2005. Bucci Aff., par. 13. Added to the $5,602.46 in contributions owed for the month of August, 2005, P.A. Fiore owes a total of $17,815.10 in contributions through October, 2005. Bucci Aff., par. 14.

## ARGUMENT

Judgment by default should enter where the plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear, and the party is not an infant or incompetent person. Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law. First, Plaintiffs' claim is for a sum certain. Plaintiffs have ascertained via the August, 2005 remittance report and by an estimating system based on past reports that P.A. Fiore owes the Funds $17,815.10 for the months of August through October, 2005. Further, under the terms of the Settlement Agreement, P.A. Fiore continues to owe $2,343.37 in late-paid interest. Further, prejudgment interest on the

unpaid contributions is mandated by ERISA, 29 U.S.C. §1132(g)(2)(B). As such, the Funds have ascertained that, pursuant to the terms of the Agreement, P.A. Fiore would owe $312.42 in interest on the unpaid contributions if all contributions were paid by the end of November, 2005. Bucci Aff., par. 15.

Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an amount not in excess of 20 percent of the unpaid contributions (or such higher percentage as may be permitted under Federal or state law), or in an amount equal to interest on the unpaid contributions, whichever is greater. 29 U.S.C. §1132 (g)(2)(C)(i) and (ii). In the instant case, because the Agreement does not provide for liquidated damages, P.A. Fiore owes as liquidated damages an additional amount equal to the interest on the unpaid contributions. This would mean that P.A. Fiore owes an additional $312.42 as liquidated damages.

Finally, attorneys' fees and costs are also mandated by ERISA. 29 U.S.C. §1132(g)(2)(D). Attorneys' fees and costs of this action are $6,941.49. See Affidavit of Anne R. Sills. These figures demonstrate that Plaintiffs' claim is for a sum certain.

Finally, Defendant is neither an infant nor incompetent person. Defendant is also not in the military service. See Affidavit of Gina M. Alongi.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully submit that this Motion for Default Judgment be granted.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

5

        By their attorneys,
        /s/ Gregory A. Geiman
        Anne R. Sills, Esquire
        BBO #546576
        Gregory A. Geiman, Esquire
        BBO #655207
        Segal, Roitman & Coleman
        11 Beacon Street
        Suite #500
        Boston, MA  02108
        (617) 742-0208

Dated: November 30, 2005

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Memorandum in Support of Motion for Entry of Default Judgment has been served by first class mail upon the defendant, P.A. Fiore Construction, Inc. at 183 Hart Street, Beverly, MA  01915 and upon the reach-and-apply defendant, Massachusetts Electric Company by their attorney, Scott J. Sciumeca at 25 Research Drive, Westborough, MA  01582 this 30th day of November, 2005.

        /s/ Gregory A. Geiman
        Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 04-402/memosupmot-dj.doc