# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY FUNDS,
and LOUIS G. RASETTA and CHRISTOPHER
BARLETTA, as they are TRUSTEES, HOISTING AND
PORTABLE ENGINEERS LOCAL 4 APPRENTICE
AND TRAINING FUNDS and INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL 4,                C.A. No. 04-12335 MLW
                    Plaintiffs

                    vs.

P.A. FIORE CONSTRUCTION, INC.,
                    Defendant

                    and

MASSACHUSETTS ELECTRIC COMPANY,
                    Reach-and-Apply Defendant

                    and

BEVERLY NATIONAL BANK,
                    Trustee

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER (WITH NOTICE)

## I.  INTRODUCTION

This is an action brought for injunctive relief and to collect contributions due employee

benefit funds under the terms of a collective bargaining agreement.  Plaintiffs (hereinafter "the

Funds") are employee benefit plans.  Defendant P.A. Fiore Construction, Inc. (hereinafter "P.A.

Fiore") is a Massachusetts corporation.  Reach-and-Apply Defendant Massachusetts Electric

Company ("Mass Electric") is a Massachusetts corporation. The action has been brought pursuant to §§502(a)(3) and 515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132(a)(3) and 1145 (hereinafter "ERISA"). The Court has exclusive jurisdiction of this action pursuant to §§502(a)(3) and (f) of ERISA, 29 U.S.C. §§1132(a)(3) and (f), without respect to the amount in controversy or the citizenship of the parties.

At this juncture, Plaintiffs are before the Court on a Motion for Temporary Restraining Order. Plaintiffs seek a Temporary Restraining Order enjoining Reach-and-Apply Defendant Mass Electric and its agents, servants, employees, attorneys, and those persons in active participation or concert with it and those persons acting at its command, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of or making any payment to Fiore on account of sums that are due or will hereafter become due Fiore from Mass Electric until such time as this Court has had the opportunity to hear a Motion for Preliminary Injunction in this action.

## II.  **STATEMENT OF FACTS**

On or about June 1, 2001, defendant P.A. Fiore agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of a collective bargaining agreement requiring contributions to Plaintiff Funds; and to any successor agreements. See Affidavit of James Bucci ("Bucci Aff."), par. 2. A copy of P.A. Fiore's signed agreement ("short form agreement") is attached to the Amended Complaint as Exhibit A. Because of the short form agreement, P.A. Fiore is party to a collective bargaining agreement with the International Union of Operating Engineers Local 4 ("the Agreement"). Bucci Aff., par. 3. A copy of the relevant portions of the 1999-2005 Agreement is attached to

the Amended Complaint as Exhibit B.  The Agreement obligates P.A. Fiore to make

contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement,

in accordance with the rates set forth on the Schedules of Wages.  Bucci Aff., par. 4.  Pursuant to

the Agreement, P.A. Fiore is also obligated to deduct and remit a negotiated percentage of the

gross wage package, before taxes, for Union dues.  Bucci Aff., par. 5.

      Two payroll audits conducted on or about January 19 and May 12, 2005 revealed that

P.A. Fiore had accrued a delinquency of $65,831.57 in fringe benefit contributions, Union dues,

and SAC contributions for the period May 26, 2004 through May 10, 2005.  Bucci Aff., par. 6.

After the audit result was determined and Mass Electric had been added as a reach-and-apply

defendant, the parties executed a Settlement Agreement, a copy of which is attached hereto as

Exhibit 1.  Bucci Aff., par. 7.  Mass Electric issued a joint check to the Funds in the amount of

$35,392.60, and the remaining contributions for the period through May 10, 2005 were paid by

P.A. Fiore in accordance with the terms of the Settlement Agreement.  Bucci Aff., par. 8.

      However, although Paragraph 3 of the Settlement Agreement mandates the payment by

P.A. Fiore of all interest owed on the late-paid contributions by no later than November 25,

2005, the company continues to owe $2,343.37 of the total $4,343.37 in interest initially owed.

Bucci Aff., par. 9.  Further, P.A. Fiore has failed to abide by Paragraph 4 of the Settlement

Agreement, which states, "P.A. Fiore will accrue no new contribution liability to the Funds

going forward."  The company has failed to pay contributions for the period August through

October, 2005.  Bucci Aff., par. 10.  The company's remittance report for the month of August,

2005 demonstrates that it owes $5,602.46 for that month; however, P.A. Fiore has failed to

submit remittance reports for the months of September and October, 2005.  Bucci Aff., par. 11.

As a result, the amounts owed for those two months have been estimated by the Funds based on

the average contributions payment by P.A. Fiore over a set period.  Bucci Aff., par. 12.  The

Funds have the right, under their Delinquency Procedure, to estimate contributions owed for a

given month when a company's remittance reports are not forthcoming for that month, as

follows:

> **5a.  Estimation of Contributions.**  Where an Employer is
> delinquent in making contributions, has not provided the required
> documentation in regard to employees and the hours each worked,
> and has failed to submit to an audit, the Delinquency Committee
> may project the delinquency as being the greater of (a) the average
> of three monthly payments or reports last actually submitted or (b)
> the average of twelve monthly payments or reports last actually
> submitted, and that said projection may be used as a determination
> of payments due for each delinquent month, without limit upon the
> trustees in seeking a greater amount than such projection where
> shown by records or other evidence.

Utilizing this Procedure, the Funds estimated that $6,817.44 in contributions is owed for

the month of September, 2005 and $5,395.20 in contributions is owed for the month of October,

2005.  Bucci Aff., par. 13.  Added to the $5,602.46 in contributions owed for the month of

August, 2005, P.A. Fiore owes a total of $17,815.10 in contributions through October, 2005.

Bucci Aff., par. 14.

Upon information and belief, P.A. Fiore has worked for Mass Electric on one of more

projects for the months of September and October, 2005, and Mass Electric continues to owe

monies to P.A. Fiore for its work on those projects.

## III.    ARGUMENT

Injunctive relief is specifically authorized by §502(a)(3) of ERISA, 29 U.S.C.

§1132(a)(3).  Laborers' Fringe Benefit Funds, Detroit and Vicinity v. Northwest Concrete &

Construction, Inc., 640 F.2d 1350, 1352 (6th Cir. 1981) ("Northwest Concrete").  A motion for a

temporary restraining order, like a motion for preliminary injunction, is addressed to the sound

discretion of the court.  LeBeau v. Spirito, 703 F.2d 639, 642 (1st Cir. 1983).  The standard to be

used by the district court in ruling on a motion for preliminary injunction or temporary

restraining order is well established.

> In deciding whether to grant a preliminary injunction, a district
> court must weigh the following four factors:  1) the likelihood of
> the movant's success on the merits; 2) the potential for irreparable
> harm to the movant; 3) a balancing of the relevant equities, i.e.
> "the hardship to the nonmovant if the restrainer issues as
> contrasted with the hardship to the movant if interim relief is
> withheld", Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st
> Cir. 1991); and 4) the effect on the public interest of a grant or
> denial of the injunction.

Gately v. Comm. of Mass., 2 F.3d 1221, 1224 (1st Cir. 1993), cert. denied, 114 S.Ct. 1832

(1994) ("Gately"); Caroline T. v. Hudson School Dist., 915 F.2d 752, 754-755 (1st Cir. 1990);

Agency Rent-A-Car, Inc. v. Connolly, 686 F.2d 1029, 1034 (1st Cir. 1982).  Examination of

each of these factors establishes that Plaintiffs are entitled to the relief requested.

**1)    Likelihood of Success**

"[T]he sine qua non of [the preliminary injunction or temporary restraining order

standard] is whether the plaintiffs are likely to succeed on the merits."  Gately, supra, 2 F.3d at

1225, citing Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993).  The exhibits and affidavits

on file establish that Plaintiffs will prevail on the merits.

Massachusetts General Laws chapter 214, §3(6) is the Commonwealth's reach-and-apply

statute.  Under this statute, the Court must engage in a two-step process to establish (1) the

indebtedness of the defendant and (2) that the defendant has property that can be reached by the

plaintiffs in satisfaction of the defendant's debt.  Hunter v. Youthstream Media Networks, Inc.,

241 F.Supp.2d 52, 57 (D.Mass. 2002).  This two-step process is further explained as follows:

> The first step is in the nature of an action at law and requires the
> plaintiff to establish the debt owed by the principal defendant to

5

the plaintiff. <u>Massachusetts Electric Company v. Athol One, Inc.</u>, 391 Mass. 685 (Mass. 1984) ("in the first step," the plaintiff must show the existence of a debt owed to the plaintiff by "the principal defendant") . . . "The second step involves the process of satisfying the debt," . . . "out of the property held by one who owes a debt to the principal defendant." <u>Massachusetts Electric Company v. Athol One, Inc.</u>, 391 Mass. at 687 . . . Under chapter 214, the plaintiff "must show that the property, by its nature, is incapable of attachment or of taking on execution in a legal action." <u>Massachusetts Electric Company v. Athol One, Inc.</u>, 391 Mass. at 687 . . .

<u>Trustees v. Baldwin Steel Co., Inc.</u>, 2001 WL 1555539, *3-*5 (D.Mass. 2001).

Section 1145 of ERISA provides as follows: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. §1145. In this case, P.A. Fiore is party to a collective bargaining agreement which obligates it to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedules of Wages. Pursuant to the Agreement, P.A. Fiore is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for Union dues.

P.A. Fiore continues to owe $2,343.37 in interest on its audit balance of $65,831.57 for the period May 26, 2004 through May 10, 2005. Bucci Aff., par. 6. Further, in defiance of the terms of the Agreement and of Paragraph 4 of the Settlement Agreement to which it is also signatory, P.A. Fiore has failed to pay contributions for the period August through October, 2005. Bucci Aff., par. 10. The company's remittance report for the month of August, 2005 demonstrates that it owes $5,602.46 for that month; however, P.A. Fiore has failed to submit remittance reports for the months of September and October, 2005. Bucci Aff., par. 11.

Utilizing their ability pursuant to their Delinquency Procedure to estimate contributions owed, the Funds have estimated that $6,817.44 in contributions is owed for the month of September, 2005 and $5,395.20 in contributions is owed for the month of October, 2005. Bucci Aff., par. 13. Added to the $5,602.46 in contributions owed for the month of August, 2005, P.A. Fiore owes a total of $17,815.10 in contributions through October, 2005. Bucci Aff., par. 14. When added to the $2,343.37 in interest P.A. Fiore continues to owe for the audit balance, the company owes a total of $20,158.47 in unpaid contributions and interest on late-paid contributions. Thus, the existence of a debt owed Plaintiffs by P.A. Fiore has been clearly established.

The Funds are entitled to enforce the terms of the collective bargaining agreements between P.A. Fiore and the International Union of Operating Engineers Local 4 as third party beneficiaries to such agreements, as well as the Declarations of Trust to which P.A. Fiore is bound through those collective bargaining agreements, under Section 301(a) of the Labor Management Relations Act, 29 U.S.C. §185(a), and Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §1132(a)(3), and § 1145. Schneider Moving and Storage Co. v. Robbins, 466 U.S. 364 (1984) (permitting multiemployer trust funds' judicial enforcement of contribution provisions in trust agreements against participating employers under Section 301(a) of the LMRA and Section 502 of ERISA; Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 575 (1985) (noting that in Schneider it had rejected "[t]he notion that federal policy favors union enforcement of an employer's collectively bargained obligations to an employee benefit plan, to the exclusion of enforcement of the plan's trustees").

Further, the Plaintiffs wish to satisfy P.A. Fiore's debt, in part or in whole, out of payments owed Fiore by Mass Electric. Upon information and belief, P.A. Fiore has worked for Mass Electric on one of more projects for the months of September and October, 2005, and Mass

Electric continues to owe monies to P.A. Fiore for its work on those projects. The Plaintiffs have a legal or equitable interest in any payments due P.A. Fiore from Mass Electric for any of these projects, or for any previous or subsequent projects. Payments held by Mass Electric cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

As such, Plaintiffs submit that they will prevail on the merits of their claim.

**2)    Irreparable Harm**

If the reach-and-apply defendant and its agents, servants, employees, attorneys, and those persons in active participation or concert with them were to secret, conceal, destroy, damage, sell, transfer, pledge, encumber, assign, or in any way or manner dispose of or reduce the value of or make any payment to P.A. Fiore on account of sums that are due or will hereafter become due Fiore from Mass Electric, it would render the Funds unable to fully satisfy their fiduciary and statutory obligations to the Funds' beneficiaries and participants. "ERISA clearly assumes that trustees will act to ensure that a plan receives all funds to which it is entitled . . ." Central States Pension Fund, 472 U.S. at 571. The Funds are entitled to contributions for all work performed by P.A. Fiore's employees. Bucci Aff., par. 4.

**3)    Balancing of Harms**

"The heart of the matter is whether 'the harm caused plaintiff without the injunction, in light of the plaintiff's likelihood of eventual success on the merits, outweighs the harm the injunction will cause defendants.'" Gately, supra, 2 F.3d at 1225, quoting Vargas-Figueroa v. Saldana, 826 F.2d 160, 162 (lst Cir. l987) (emphasis in original).

No harm can come to the reach-and-apply defendant by being enjoined from disbursing payments that it already owes the defendant for work done by the defendant on its projects. The demonstrated harm to plaintiffs far outweighs any harm to the reach-and-apply defendant

4)    **Public Interest**

Congress declared it to be the policy of ERISA to "protect . . . the interest of participants in employee benefit plans and their beneficiaries . . . by providing for appropriate remedies, sanctions, and ready access to Federal courts."  29 U.S.C. §1001(b).  The House Report on the Act's enforcement provisions states that they are

> designed specifically to provide both the Secretary and participants
> and beneficiaries with broad remedies for redressing or preventing
> violations of the Act.  The intent of the committee is to provide the
> full range of legal and equitable remedies available in both state
> and federal courts and to remove jurisdictional and procedural
> obstacles which in the past appear to have hampered effective
> enforcement of fiduciary responsibilities . . .

H.R. Rep. No. 93-533, 93d Cong., 2d Sess. 17, reprinted in [1974] U.S. Code Cong. & Ad. News, p. 4639, 4655.

The federal courts have interpreted this legislative history as "unambiguous evidence" that Section 502's enforcement provisions are intended to "have teeth" and to be "liberally construed."  Northwest Concrete, supra, at 1352.  "Given the array of remedies that ERISA provides for redressing and preventing violations of the statute, it is not surprising that federal courts have frequently resorted to injunctive relief when it has been perceived as necessary to fully protect the statutory and contractual rights of Fund participants and beneficiaries."  Metropolitan D.C. Paving Industry Employees Health and Welfare Trust Fund  v.  Jones & Artis Construction Co., 2 EBC 2227, 2223 (D. D.C., 1991).

"Congress made it abundantly clear that an employer would not be permitted to circumvent or ignore its funds, payment and other obligations under ERISA."  A & G, citing Northwest Concrete, supra, at 1352.  The public interest in preserving the integrity of employee

pension, health, and welfare plans would be furthered by issuance of the temporary restraining order.

## IV.    <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiffs respectfully request that their Motion for Temporary Restraining Order be granted.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  December 6, 2005

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the above Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order (With Notice) has been served by first class mail upon the defendant, P.A. Fiore Construction, Inc. at 183 Hart Street, Beverly, MA  01915 and upon the reach-and-apply defendant, Massachusetts Electric Company by its attorney, Scott J. Sciumeca at 25 Research Drive, Westborough, MA  01582 this 6th day of December, 2005.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 04-402/memo-tro-masselect.doc