UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY FUNDS,
and LOUIS G. RASETTA and CHRISTOPHER
BARLETTA, as they are TRUSTEES, HOISTING AND
PORTABLE ENGINEERS LOCAL 4 APPRENTICE
AND TRAINING FUNDS and INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL 4,
Plaintiffs

vs.                                                                          C.A. No. 04-12335 MLW

P.A. FIORE CONSTRUCTION, INC.,
Defendant

and

MASSACHUSETTS ELECTRIC COMPANY,
Reach-and-Apply Defendant

and

BEVERLY NATIONAL BANK,
Trustee

## AFFIDAVIT OF JAMES BUCCI IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

1. My name is James Bucci. I am the Field Agent for the International Union of Operating Engineers Employee Benefit Funds ("Funds"). In my capacity as Field Agent, I audit the books and records of, and collect fringe benefit contributions owed by, contractors that are signatory to collective bargaining agreements with the International Union of Operating Engineers Local 4 ("Union").

2. On or about June 1, 2001, P.A. Fiore Construction, Inc. ("P.A. Fiore") agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of a collective bargaining agreement requiring contributions to Plaintiff Funds; and to any successor agreements.

3. Because of the short form agreement, P.A. Fiore is party to a collective bargaining agreement with the International Union of Operating Engineers Local 4 ("the Agreement").

4. The Agreement obligates P.A. Fiore to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedules of Wages.

5. Pursuant to the Agreement, P.A. Fiore is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for Union dues.

6. Two payroll audits conducted on or about January 19 and May 12, 2005 revealed that P.A. Fiore had accrued a delinquency of $65,831.57 in fringe benefit contributions, Union dues, and SAC contributions for the period May 26, 2004 through May 10, 2005.

7. After the audit result was determined and Massachusetts Electric Company ("Mass Electric") had been added as a reach-and-apply defendant, the parties executed a Settlement Agreement.

8. Mass Electric issued a joint check to the Funds in the amount of $35,392.60, and the remaining contributions for the period through May 10, 2005 were paid by P.A. Fiore in accordance with the terms of the Settlement Agreement.

9. However, although Paragraph 3 of the Settlement Agreement mandates the payment by P.A. Fiore of all interest owed on the late-paid contributions by no later than

2

November 25, 2005, the company continues to owe $2,343.37 of the total $4,343.37 in interest initially owed.

10. The company has failed to pay contributions for the period August through October, 2005.

11. The company's remittance report for the month of August, 2005 demonstrates that it owes $5,602.46 for that month; however, P.A. Fiore has failed to submit remittance reports for the months of September and October, 2005.

12. As a result, the amounts owed for those two months have been estimated, pursuant to the Funds' Delinquency Procedure, based on the average contributions payment by P.A. Fiore over a set period of time.

13. Utilizing the Delinquency Procedure, the Funds estimated that $6,817.44 in contributions is owed for the month of September, 2005 and $5,395.20 in contributions is owed for the month of October, 2005.

14. Added to the $5,602.46 in contributions owed for the month of August, 2005, P.A. Fiore owes a total of $17,815.10 in contributions through October, 2005.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 6th DAY OF DECEMBER, 2005.

                                                                                              James Bucci

### CERTIFICATE OF SERVICE

This is to certify that a copy of the above Affidavit has been served by first class mail upon the defendants, P.A. Fiore Construction, Inc. at 183 Hart Street, Beverly, MA 01915 and upon the reach-and-apply defendants, Massachusetts Electric Company by its attorney, Scott J. Sciumeca at 25 Research Drive, Westborough, MA 01582 this 6th day of December, 2005.

                                                       /s/ Gregory A. Geiman
                                                     Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 04-402/affbucci.5doc